1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICKEY B. DELONEY,

11          Plaintiff,                    No. CIV S-09-0757 JAM DAD P

12       vs.

13   PAULA J. HENSLEY,

14          Defendant.          <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20                    **SCREENING REQUIREMENT**

21          The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28

26   U.S.C. § 1915A(b)(1) & (2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

9    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11   Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson,

12   355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

13   complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

14   must contain factual allegations sufficient "to raise a right to relief above the speculative level."

15   Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

16   accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

17   Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

18   plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

19   (1969).

20   The Civil Rights Act under which this action was filed provides as follows:

21   Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the

22   deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at

23   law, suit in equity, or other proper proceeding for redress.

24   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

25   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

26   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2

1  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

3  omits to perform an act which he is legally required to do that causes the deprivation of which

4  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5          Moreover, supervisory personnel are generally not liable under § 1983 for the

6  actions of their employees under a theory of respondeat superior and, therefore, when a named

7  defendant holds a supervisorial position, the causal link between him and the claimed

8  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

9  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

10  allegations concerning the involvement of official personnel in civil rights violations are not

11  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12                              **PLAINTIFF'S COMPLAINT**

13          In the present case, plaintiff has identified as the sole defendant Paula J. Hensley.

14  According to the complaint, defendant Hensley is employed in the Solano County Public

15  Defender's "Conflict Office" in Vallejo, California.  Plaintiff alleges that defendant Hensley is

16  withholding exculpatory evidence from him and is violating plaintiff's constitutional rights to a

17  speedy trial.  In terms of relief, petitioner appears to request that this court order that he receive a

18  speedy trial on criminal charges currently pending against him in state court.  (Compl. at

19  2-3.)

20                                      **ANALYSIS**

21          Plaintiff is advised that this court is barred from directly interfering with his

22  ongoing criminal proceedings in state court, absent extraordinary circumstances.  See Younger v.

23  Harris, 401 U.S. 37, 46 (1971); see also Middlesex County Ethics Comm. v. Garden State Bar

24  Ass'n., 457 U.S. 423, 432 (1982); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a

25  state criminal prosecution has begun the Younger rule directly bars a declaratory judgment

26  action" as well as a section 1983 action for damages "where such an action would have a

1 | substantially disruptive effect upon ongoing state criminal proceedings.").  Here, plaintiff's

2 | complaint implicates his ongoing criminal proceedings, and plaintiff has not alleged

3 | extraordinary circumstances that would justify intervention by this court.  Younger, 401 U.S. at

4 | 48-50.  Moreover, plaintiff may raise his constitutional claims in his ongoing criminal

5 | proceedings in state court.  Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir.

6 | 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel

7 | federal courts to abstain from jurisdiction whenever federal claims have been or could be

8 | presented in ongoing state judicial proceedings that concern important state interests.'").

9 |        Finally, as noted above, the sole defendant named in this action is employed in the

10 | Solano County Public Defender's "Conflict Office."  Under 42 U.S.C. § 1983, plaintiff has a

11 | right to be free from violations of constitutional guarantees by those acting under color of state

12 | law.  Van Ort v. Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).  However, plaintiff is advised that

13 | public defenders are not "state actors" for purposes of § 1983.  See Polk County v. Dodson, 454

14 | U.S. 312, 325 (1981); Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); see

15 | also Briley v. State of California, 564 F.2d 849, 855 (9th Cir. 1977) (privately-retained attorney

16 | does not act under color of state law).

17 |        Accordingly, the court concludes that plaintiff's complaint must be

18 | dismissed.[1]

19 | /////

20 | /////

21 |

22 |     [1] Plaintiff is advised that a civil rights action is the proper mechanism for a prisoner
seeking to challenge the conditions of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th
23 | Cir. 1991).  In contrast, habeas corpus proceedings are the proper mechanism for a prisoner
seeking to challenge the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475,
24 | 484 (1973).  It appears from the face of the complaint that plaintiff's criminal proceedings in
state court are ongoing.  If, at some point in the future, plaintiff seeks to overturn a state court
25 | conviction based on a claim regarding his right to a speedy trial, he is advised that a writ of
habeas corpus is his sole remedy in federal court which may be pursued only after exhausting all
26 | of his constitutional claims in state court.

1                                    **CONCLUSION**

2           IT IS HEREBY RECOMMENDED that:

3           1.  Plaintiff's April 28, 2009 application to proceed in forma pauperis (Doc. No.

4   9) be denied; and

5               2.  This action be dismissed for failure to state a cognizable claim.

6           These findings and recommendations are submitted to the United States District

7   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

8   days after being served with these findings and recommendations, plaintiff may file written

9   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

10  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

11  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

12  F.2d 1153 (9th Cir. 1991).

13  DATED: July 17, 2009.

14

15  _____

                                        DALE A. DROZD
16  DAD:9                               UNITED STATES MAGISTRATE JUDGE
    delo0757.56
17

18

19

20

21

22

23

24

25

26